Filed 2/3/16  P. v. Rosslyn CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>LEONARD CHARLES ROSSLYN,<br><br>      Defendant and Appellant. | C079231<br><br>(Super. Ct. No. 13F7983) |

Appointed counsel for defendant Leonard Charles Rosslyn has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

During the evening of December 8, 2013, Eva Sandoval was home inside her apartment when she heard a man outside screaming about his dog. Sandoval looked out her window and saw defendant. She soon heard banging on cars and she opened her door halfway. Defendant walked toward Sandoval asking about his dog. Defendant then moved more aggressively toward her with a knife in his hand, the blade extended below defendant's fist. Defendant pushed up against her door, and Sandoval slammed it closed. Defendant used the knife to stab her front door, leaving knife marks in the door. The police arrived shortly thereafter.

When the police arrived, they searched defendant and found a knife in the right pocket of his jacket. The knife was locked in the open position with the blade extending and visible. The officers arrested defendant.

The People charged defendant with carrying a dirk or dagger (Pen. Code, § 21310),[1] exhibiting a deadly weapon (§ 417, subd. (a)(1)), and attempted unauthorized entry of an occupied dwelling house or apartment (§ 602.5, subd. (b)). The People further alleged defendant was previously convicted of a serious or violent felony (§ 1170.12) and previously served a term in prison (§ 667.5, subd. (b)).

Criminal proceedings were briefly suspended to determine defendant's competency to stand trial, but were reinstated after two doctors found him competent. Before trial, the court heard and denied two motions by defendant to replace appointed counsel under *People v. Marsden* (1970) 2 Cal.3d 118.

At trial, defendant exercised his right not to testify and defense counsel argued there was insufficient evidence the knife was in an open and locked position, or that it was in a position to be readily used as a weapon. The jury found defendant guilty of carrying a dirk or dagger and exhibiting a deadly weapon. The jury acquitted defendant

---

[1] Undesignated statutory references are to the Penal Code.

2

of attempting to enter an occupied dwelling house or apartment. Defendant elected a court trial on the enhancement allegations and the court found them true.

The trial court subsequently sentenced defendant to an aggregate term of seven years in state prison. The court ordered defendant to pay various fines and fees and awarded him 745 days of custody credit.

II

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


      HULL      , Acting P. J.


We concur:


      HOCH      , J.


      RENNER      , J.